UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDELL ORANGE**     DOC #447630 | : | **CIVIL ACTION NO. 14-806**     **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **GEO GROUP, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Randell Orange ("Orange"). Orange is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (herein "LDOC") and is incarcerated at David Wade Correctional Center in Homer, Louisiana. He complains of events that occurred at Allen Correctional Center (herein "ACC") in Kinder, Louisiana.

Orange names the Geo Group, Inc., DOC Secretary James Leblanc; ACC Wardens Terry Terrell and Estes; ACC Captains Terry Laney, Greg Wise, and Garnett; ACC Sergeants Cook and Winndow; and ACC Lieutenants Layjay and Castallo as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that this action be **DISMISSED WITH PREJUDICE.**

*I.*
*Background*

In his complaint, Orange alleges that defendants Castallo, Cook, Russell, Jay, and Winndow went into his cell and took his gold teeth crowns and six expensive magazines. Doc.

-1-

1, p. 5. Orange explained to the officers that he needed the crowns to prevent food particles from getting under the false teeth that are cemented on top of his real teeth. *Id.* Despite this information, Lt. Castallo took the crowns, stating that he was going to give them to Captain Wise who was the supervisor on duty. *Id.* However, Wise informed Orange that Lt. Castallo did not give the crowns to him. Doc. 1, p. 6. Orange states that an investigation revealed that Lt. Castallo took the gold crowns and sold them. *Id.* Following this incident, Lt. Castallo was laid off. *Id.*

As a result of not having his crowns, Orange claims that he had an infection, underwent an air suction procedure to remove food from between his real and false teeth, had four shots in his gums to relieve nerve pain, and been placed on antibiotics and other medication. Doc. 1, pp. 6, 7. He states that the defendants' actions violate his Eighth Amendment Constitutional Rights against cruel and unusual punishment. Doc. 1, p. 7. As relief, he seeks compensatory and punitive damages. Doc. 1, p. 4.

## II.

### *Law and Analysis*

**A. *Frivolity Review***

Orange has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 4. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

    **B.** *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Hessbrook v. Lennon,* 777 F.2d. 999, 1005 (5th Cir. 1985).

A constitutional violation occurs only when two requirements are met. First, the prison official's act or omission must result in a deprivation that is sufficiently serious, such that it results in the denial of "the minimal civilized measure of life's necessities" or denies the prisoner some basic human need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson v. Setter*, 501 U.S. 294, 304 (1991). Second, the court must determine that the prison official responsible for the deprivation has been " 'deliberately indifferent' to inmate health or safety." *Farmer,* 511 U.S. at 834. To be found to have been deliberately indifferent, a prison official must be found to have been personally aware of facts from which an inference

could be drawn that a substantial risk of serious harm existed, and the official must also be found to have drawn the inference. *Id.* at 837.

In the instant case, Orange has failed to allege facts suggesting that he has been subjected to conditions amounting to a deprivation of a basic human need or to a deprivation of life's necessities so as to state an Eighth Amendment violation.

1. *Medical Care*

Orange's allegations simply do not rise to the level of cruel and unusual punishment, even to the extent that he may attempt to allege that his medical care was inadequate. In order to prevail on such claims, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas,* 245 F.3d 447, 458-59 (5th Cir.2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice,* 239 F.3d 752, 756 (5th Cir.2001).

Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson,* 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997). "Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner," and so the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 103 & 106; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir.1996).  The official must have a subjective intent to cause harm.  *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).  Said another way, deliberate indifference, i.e., a subjective intent to cause harm, cannot be inferred from a prison official's failure to act reasonably.  *Hare,* 74 F.3d at 649.

Further, the fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs.  *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti,* 648 F.2d. 268, 272 (5th Cir.1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  Additionally, the fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Woodall, supra.*  Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. M*ayweather v. Foti,* 958 F.2d 91 (5th Cir.1992).

In the instant case, the facts do not demonstrate that the defendants refused to treat Orange, ignored his complaints, intentionally treated him incorrectly or wantonly, or disregarded his medical needs.   Orange's allegations confirm that he received medical treatment and

medication. The evidence before the court simply does not support a finding of deliberate indifference.

### C. Deprivation of Property

Orange claims a violation arising under the Eighth Amendment. However, his claims center around the taking and selling of his gold teeth crowns.

The principle known as the *Parratt/Hudson* doctrine states that random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Louisiana has ample remedies under which Orange may proceed against the defendants for recovery of his property or for the reimbursement of its loss. Louisiana law provides Orange the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of ACC. *See Marshall v. Norwood*, 741 F.2d 761 (5th Cir.1984).

Orange's claims concerning the alleged taking of his property are clearly barred and should be dismissed as frivolous.

### III.
### Conclusion

For reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

-7-

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE